UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARYOUSH MONAZZAMI,<br>Petitioner,<br>v.<br>TODD BLANCHE, *et al.*,<br>Respondents. | CASE NO. 2:26-cv-01155-GJL<br><br>ORDER DENYING MOTION FOR ORDER TO SHOW CAUSE |

This matter comes before the Court on Petitioner's Motion for an Order directing Respondents to show cause why this Court should not impose sanctions or remedial measures based on Respondents' violation of this Court's Order (the "Motion"). Dkt. 18. Upon review, the Motion is **DENIED**.

## I. BACKGROUND

On April 6, 2026, Petitioner Daryoush Monazzami, through counsel, filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking release from immigration detention. Dkt. 1. On May 22, 2026, the Court granted the Petition and directed Petitioner's immediate release. Dkt. 14. In addition, Respondents were required to file a declaration within twenty-four

hours of the Order, confirming that Petitioner had been released from immigration detention and providing the date and time of his release. *Id*. at 7.

On May 25, 2026, Respondents filed the declaration informing the Court that Petitioner had been released from custody on May 24, 2026, at approximately 9:15 a.m. *See* Dkt. 17.

On June 15, 2026, Petitioner filed the instant Motion. Dkt. 18. In the Motion, Petitioner asserts that Respondents violated the Court's May 22, 2026, Order by failing to release him "immediately" and failing to timely file the declaration memorializing his release. *Id*. at 1–2. As a result, Petitioner seeks an Order directing Respondents to show cause why sanctions or remedial measures should not be imposed for failing to comply with the Court's Order. *Id*.

While Petitioner does not suggest what sanctions may be warranted, he alternatively requests the Court order as a remedial measure "that the USAO provide counsel in all immigration habeas petitions, where release is a requested remedy, a phone number that is certain to promptly reach an individual in emergency situations." *Id*. at 2, 4.

In response to the Motion, Respondents argue Petitioner's Motion should be denied and that no sanctions or remedial measures be imposed. Dkt. 19. In support, Respondents provide the following circumstances that led to the violations of the Court's Order.

On May 21, 2026, the United States Attorney's Office ("USAO") notified employees that an early release had been authorized for Friday, May 22, 2026, in advance of the Memorial Day weekend. Dkt. 19 at 2; Dkt. 21 ¶ 2 (A. Morris Dec.). While many attorneys and support staff departed early that day as a result, Respondents' counsel, Assistant United States Attorney ("AUSA") Alixandria K. Morris, concluded work at approximately 4:30 p.m. Dkt. 19 at 2; Dkt. 21 ¶¶ 4, 5. At the time she concluded work, Ms. Morris was not aware of any pending matter requiring after-hours monitoring or immediate weekend action. Dkt. 19 at 2; Dkt. 21 ¶ 5.

At approximately 4:49 p.m. on May 22, 2026, the Court's Electronic Document Filing System ("ECF") sent a notification of this Court's Order directing Petitioner's immediate release and requiring Respondents to file a notice of compliance within twenty-four hours. Dkt. 19 at 2–3; Dkt. 21 ¶ 6. Ms. Morris did not see the ECF notification at that time. Dkt. 19 at 3; Dkt. 21 ¶ 6.

On Saturday, May 23, 2026, Assistant Federal Public Defender ("AFPD") Alan Zarky emailed several attorneys within the USAO regarding Petitioner's continued detention, including Civil Division Chief Brian Kipnis. Dkt. 19 at 3; Dkt. 20 ¶ 2 (B. Kipnis Dec.). Upon receiving Mr. Zarky's email, Mr. Kipnis promptly notified the appropriate U.S. Immigration and Customs Enforcement ("ICE") personnel to facilitate prompt compliance with the Court's Order. Dkt. 19 at 3; Dkt. 20 ¶¶ 3–4. ICE thereafter took steps to effectuate Petitioner's release. Dkt. 19 at 3; Dkt. 20 ¶¶ 7–8. Petitioner was released the following morning, May 24, 2026, at approximately 9:15 a.m. Dkt. 19 at 3; Dkt. 20 ¶ 8; *see also* Dkt. 17.

Subsequently, AUSA Michelle Lambert filed the declaration informing the Court that Petitioner had been released from custody along with the date and time of his release. Dkt. 19 at 3; Dkts. 16–17. Following Petitioner's release, Ms. Morris spoke directly with Mr. Zarky over the phone to explain and apologize for the circumstances that led to Petitioner being released on May 24 instead of May 23. Dkt. 19 at 3; Dkt. 21 ¶ 11.

In further support of the Response to this Motion, Respondents declare:

> Respondents apologize to the Court, Petitioner, and Petitioner's counsel that Petitioner was not released within the timeframe ordered by this Court, and that the government's declaration of his release was not filed within the timeframe required by the Court's order. Respondents fully recognize the importance of strict compliance with court orders and regret their failures here. But this isolated and inadvertent oversight arising from unusual timing circumstances over a holiday weekend does not support issuance of sanctions.

* * *

> The delay in releasing Petitioner should not have happened, and Respondents sincerely regret it. But it was not the product of intentional disregard. Rather, it stemmed from the unusual circumstance of the timing of the Order and the start of a three-day holiday weekend. As soon as it came to the attention of the United States Attorney's Office, the office worked with ICE to arrange Petitioner's release as soon as was safely possible.

Dkt. 19 at 5.

In his Reply in support of this Motion, Petitioner "accepts that [Ms. Morris'] error was inadvertent." Dkt. 22 at 1. Even so, Petitioner reiterates his request that the Court "order, or at the least . . . urge" the USAO "voluntarily improve its methods." *Id*. at 6.

## II. DISCUSSION

There is no question that Respondents have violated the Court's May 22, 2026, Order. Dkt. 14. "Judicial orders are not suggestions; they are binding commands that the Executive Branch, no less than any other party, must obey." *J.G.G. v. Trump*, No. 25-5124, 2025 WL 3198891, at *2 (D.C. Cir. Nov. 14, 2025). Respondents' failure to ensure Petitioner's release was not in compliance with the Court's Order, coupled with counsel's failure to timely respond to Petitioner's counsel, delayed justice for Petitioner.

In a habeas case where the petitioner is detained, these failures are of no small consequence. Because of Respondents' neglect in seeing this case through to its obvious conclusion in a manner that comports with a Court Order, Petitioner languished in custody longer than permitted by this Court. *Every* delay is significant when its consequence is an unlawful or unnecessary confinement in immigration detention.

Again, the Court's Order here was unequivocal: Petitioner was to be released *immediately* and Respondents' counsel were to file a declaration *within twenty-four hours* of the Order confirming that Petitioner had been released from immigration detention. Dkt. 14. Respondents violated those directives.

However, in light of Respondents' fulsome filings in response to this Motion, including in particular the Respondents' representations that the failure to comply was an "isolated, inadvertent oversight, not a pattern of disregard for court orders," (Dkt. 19 at 5), the Court finds the violations to be unintentional and, therefore, sanctions or remedial measures are not warranted at this time.[1]

## III. CONCLUSION

For the foregoing reasons, the Motion for an Order to Show Cause (Dkt. 18) is **DENIED**.

Dated this 13th day of August, 2026.

Grady J. Leupold
United States Magistrate Judge

[1] The Court notes here two incidents in which Respondents removed a petitioner without complying with reporting and notice requirements imposed by courts in this District. *See Nguyen v. Blanche*, 2:26-cv-00219-TSZ, Dkt. 30 (W.D. Wash. Jun. 30, 2026); *Ye v. Blanche*, 2:26-cv-01296-JNW, 2026 WL 1382387, at *2 (May 18, 2026). While the circumstances in those cases differ somewhat from those presented here, the similarities prompt the Court to likewise strongly caution Respondents that "any future violations—inadvertent or not—may be sanctioned." *Nguyen*, C26-0219-TSZ, Dkt. 30 at 2 n.1; *Ye v. Blanche*, 2:26-cv-01296-JNW, 2026 WL 1761148, at *1 (Jun. 18, 2026).